UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICQUEL LEAKS, | CASE NO. 1:08 CV 953 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CITY OF SHAKER HEIGHTS, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On April 15, 2008, plaintiff pro se Micquel Leaks filed this action under 42 U.S.C. § 1983 against the City of Shaker Heights, Ohio, Shaker Heights Police Officer Rick Mastnardo, Shaker Heights Lt. Mariano, Patrick Carlozzi, and Ohio Court of Appeals Judge Patricia Ann Blackmon. The complaint asserts violation of plaintiff's Fourth Amendment rights in connection with the search of his person after a traffic stop, and the related, subsequent search of his home pursuant to a warrant. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Despite plaintiff's bald assertion to the contrary, his Fourth Amendment claims implicitly challenge the validity of his conviction and present confinement in an Ohio penal institution.[2] Therefore, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. §

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] See http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx, State v. Leaks, Cuy. Common Pleas No. CR-06-481695-A; see also, State v. Leaks, No. 88821, 2007 WL 2269734 (Cuy. Cty. App. Aug. 9, 2007).

1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                                      /s/*SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE